# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **BRENDA KAY HILTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00095 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Timothy W. McAfee, Timothy W. McAfee, PLLC, Big Stone Gap, Virginia, for Plaintiff; Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Defendant.*

In this civil action, the plaintiff alleges that the United States is improperly in possession of two firearms that she owns. The firearms were seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") because the plaintiff's husband was under indictment for knowingly possessing firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). The United States has moved to dismiss the plaintiff's Complaint, arguing that her claims are barred by the ATF's Declaration of Administrative Forfeiture, and by

the ATF's partial denial of the plaintiff's Petition for Remission. For the reasons set forth below, I will grant the United States' motion.[1]

I

The following facts are taken from the Complaint, which I must accept as true for the purpose of deciding the present motion.

The plaintiff seeks possession of two firearms, a Smith & Wesson Model 60 revolver, .38-caliber, serial number R106668, and a Remington 742 Woodmaster rifle, .30-06 caliber, serial number 6997936. (Pl.'s Compl. ¶ 15.) In August 2010, ATF seized these two firearms, one from the residence of the plaintiff and her husband, and the other from a country store that is operated by the plaintiff and that sits on property owned by the plaintiff and her husband. (Pl.'s Compl. ¶¶ 8-13.) The plaintiff's husband has a felony conviction and is disqualified from lawfully possessing firearms. (Pl.'s Compl. ¶ 7.)

The Complaint asserts that "[t]he United States, acting through its agents with the ATF, administratively forfeited the firearms in violation of the statutory and Constitutional rights of Brenda Kay Hilton." (Pl.'s Compl. ¶ 17.) The Complaint next asserts that "the United States knew that the Plaintiff claimed an

---

[1] After the United States moved to dismiss, the plaintiff requested an extension of time in which to file a response. I granted the request, and the plaintiff was given until August 19, 2013, to respond. The plaintiff did not respond and the Motion to Dismiss is ripe for decision.

interest in the firearms, and claimed to be an innocent owner of the firearms in accordance with 18 USC §983 (d)." (Pl.'s Compl. ¶ 18.) Finally, the Complaint asserts that "[t]he United States has failed to timely begin forfeiture proceedings and is still in possession of these firearms, in violation of the statutory and Constitutional rights of Brenda Kay Hilton." (Pl.'s Compl. ¶ 20.)

The United States' Motion to Dismiss included documents that detail ATF's administrative forfeiture proceedings with respect to the two firearms at issue. These documents suggest that the administrative forfeiture proceedings were conducted in accordance with all relevant statutes and regulations. However, for the purpose of deciding the present motion, I must only look at the plaintiff's Complaint. In it, I do not find a claim upon which relief can be granted.

II

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a cognizable claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of

misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the pleader. *Id.* at 678.

In this case, the plaintiff first claims that the United States administratively forfeited two firearms in violation of her constitutional and statutory rights. The plaintiff identifies no particular constitutional provision in connection with this claim.[2] This vague allegation is insufficient, and I must dismiss this constitutional claim.

The plaintiff's statutory claim concerning the administrative forfeiture appears to be based on 18 U.S.C.A. § 983(d) (West Supp. 2013), which is referenced in the next paragraph of the Complaint. The plaintiff claims that she is an innocent owner of the firearms under § 983(d). The term "innocent owner" is defined in § 983(d) as an owner who:

    (i)    did not know of the conduct giving rise to forfeiture; or

---

[2] In the third paragraph of her Complaint, the plaintiff referenced the Second Amendment and the Due Process Clause of the Fifth Amendment: "Plaintiff enjoys all of the Constitutional Rights afforded her pursuant to the 2nd Amendment to the United States Constitution, and all rights afforded her pursuant to the Due Process Clause of the 5th Amendment to the United States Constitution." (Pl.'s Compl. ¶ 3.) This general reference, not tied to any claim or assertion of fact, is insufficient to constitute a legally sufficient pleading.

    (ii)    upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

18 U.S.C.A. § 983(d)(2)(A)(i)-(ii).  The plaintiff does not assert that she was unaware of her husband's actual or constructive possession of the firearms on their joint property, or that she took steps to keep the firearms out of his control.  The plaintiff has not offered any facts in support of her contention that she is an innocent owner.  Therefore, I must dismiss the statutory claim under § 983(d).

Finally, the plaintiff claims that "[t]he United States has failed to timely begin forfeiture proceedings and is still in possession of these firearms, in violation of the statutory and Constitutional rights of Brenda Kay Hilton."  (Pl.'s Compl. ¶ 20.)  The plaintiff does not assert any facts alleging that the United States did not begin forfeiture proceedings, and the plaintiff does not identify any statutory or constitutional language to support the implied allegation that the ATF's administrative forfeiture proceedings were not valid with respect to her.

### III

The plaintiff has not demonstrated a plausible claim for relief.  Her statutory and constitutional claims were not set forth with adequate specificity.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Accordingly, the Motion to Dismiss will be GRANTED. A separate order will be entered.

DATED: September 19, 2013

/s/  James P. Jones
United States District Judge